UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| KELLEY D. WARFIELD, | ) | CIV. 03-5018-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING PLAINTIFF'S |
| | ) | MOTION TO RECONSIDER |
| TRACEY R. DOLLISON, | ) | |
| Pennington County State's | ) | |
| Attorney's Office, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, Kelley D. Warfield, sued defendant Tracey R. Dollison for violating his civil rights. The court granted summary judgment for Dollison on December 8, 2003. Warfield appealed on January 20, 2004. On November 17, 2004, the Eighth Circuit Court of Appeals affirmed this court's judgment. On November 22, 2004, Warfield filed a petition for rehearing en banc. The petition was denied and the mandate was issued on January 3, 2005.

Pursuant to Fed. R. Civ. P. 60(b)(2), Warfield filed a motion for relief from judgment with this court on December 8, 2004, based on newly discovered evidence. Because this court lacked jurisdiction while the appeal was pending, the court denied his motion for relief from judgment without prejudice on December 20, 2004. The Eighth Circuit Court of Appeals denied Warfield's petition for rehearing en banc on December 22, 2004. On January 3, 2005, Warfield re-filed his motion for relief from judgment.

**STANDARD OF REVIEW**

The court may provide relief from judgment when a party has "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). See also 6 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure § 1489 (2d ed. 1990).  To prevail on a Rule 60(b) motion based on newly discovered evidence, the moving party must show: (1) that the evidence was discovered after trial; (2) that the party exercised due diligence to discover the evidence before the end of trial; (3) that the evidence is material and not merely cumulative or impeaching; (4) that a new trial considering the evidence would probably produce a different result. Liberty Mut. Ins. Co. v. FAG Bearings Corp., 153 F.3d 919, 924 (8th Cir. 1998).  "Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." Reyher v. Champion Int'l Corp., 975 F.2d 483, 488 (8th Cir. 1992).  Such motions are disfavored. Rosebud Sioux Tribe v. A & P Steel, Inc., 733 F.2d 509, 515 (8th Cir. 1984)

**DISCUSSION**

Warfield obtained an affidavit in which Michael Stonefield, the director of the Pennington County Public Defender's Office, stated that his office has no record of assigning Heidi Linngren to represent Warfield at the protective order hearing.  The affidavit is dated March 10, 2004.  Warfield alleges that

the affidavit proves that Linngren was not his attorney, and that he did not consent to Linngren's actions at the hearing that took place on June 24, 2002. Dollison, therefore, violated Warfield's Due Process rights.

Warfield contends that he exercised due diligence in obtaining evidence, but that he did not obtain this affidavit before the court entered summary judgment because of an "act of God." Warfield alleges that Michael Polk, who was supposed to provide him the affidavit, was being treated for prostate cancer. On July 22, 2003, this court notified Warfield that it was converting Judge Young's recommendation to dismiss into a motion for summary judgment. Thus, Warfield was on notice that Linngren's status as his attorney was a disputed factual issue and that Warfield needed to gather evidence to support his argument that Linngren was not his attorney. Warfield did not seek additional time to present evidence and did not file a motion for leave to obtain a deposition from Mike Stonefield until March 8, 2004. The court granted summary judgment for Dollison on December 8, 2003. Warfield has not explained why he waited eight months after receiving notice that he needed to respond to the motion for summary judgment to move for leave to obtain a deposition. Furthermore, Warfield has not explained how Michael Polk's cancer treatment prevented Warfield from obtaining the affidavit in time, despite the exercise of due diligence. Accordingly, the court concludes that Warfield did not exercise due diligence and therefore, his Rule 60(b)

3

motion is denied. See Liberty Mut. Ins., 153 F.3d at 924 (upholding denial of Rule 60(b) motion because movant failed to show why evidence could not have been discovered earlier with due diligence).

Even if the affidavit had been submitted on time, it would have made no difference in the court's decision to grant summary judgment for Dollison. Warfield must show that consideration of the affidavit would have resulted in the denial of Dollison's motion for summary judgment. See id.

To establish a violation of due process, a party "must demonstrate that he has a protected property or liberty interest at stake and that he was deprived of that interest without due process of law." Hopkins v. Saunders, 199 F.3d 968, 975 (8th Cir. 1999). What constitutes due process of law varies according to the situation. Birdwell v. Hazelwood School Dist., 491 F.2d 490, 495 (8th Cir. 1974). Due process does not necessarily "assure the privilege of presence when presence would be useless, or the benefit but a shadow." Snyder v. Commonwealth of Mass., 291 U.S. 97, 106-07, 54 S. Ct. 330, 332, 78 L. Ed. 674 (1934). "So far as the Fourteenth Amendment is concerned, the presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only." Id.

In this case, Dollison did not violate any of Warfield's rights, whether Linngren had been appointed to represent him at the hearing or not. The

court issued an Ex Parte Temporary Order of Protection against Warfield on June 3, 2002. Warfield was in the custody of the Pennington County Jail at that time subject to a no contact provision and has remained in custody to date. Warfield received notice and a summons to attend the hearings.

At the hearing, Deputy Public Defender Heidi Linngren represented to the court that she was Warfield's attorney and spoke on his behalf, even if she had not been appointed to do so. After listening to Linngren and considering the facts of the case, the judge entered the permanent protection order.

None of Dollison's actions violated Warfield's rights. She did not attend the hearing. There is no evidence that she knew the hearing actually occurred on June 24, 2002. She was not involved in the judge's decision to issue the permanent protection order. She told the jail not to transport Warfield because she believed that no hearing would take place that morning. Nothing indicates that Dollison intentionally prevented Warfield from attending the hearing. Dollison also did not direct either the judge or Linngren to check the box indicating that Warfield waived his appearance.

Dollison took no action that deprived Warfield of his constitutional rights. The affidavit indicating that Linngren had not been appointed to represent him at the protection order hearing does not change the fact that Dollison did not deprive Warfield of his constitutional rights. Accordingly, it is hereby

ORDERED that plaintiff Warfield's motion to reconsider is denied.

Dated April 29, 2005.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE